AB:IC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

- against -

GEORGE IAKOVOU,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

AFFIDAVIT IN
SUPPORT OF REMOVAL
TO THE MIDDLE
DISTRICT OF GEORGIA
(Fed. R. Crim. P. 5)

Case No. 22-MJ-1155

EASTERN DISTRICT OF NEW YORK, SS:

NICHOLAS OLIVER, being duly sworn, deposes and states that he is a Special

Agent with the United States Secret Service ("USSS"), duly appointed according to law and

acting as such.

On or about October 21, 2022, the United States District Court for the Middle

District of Georgia issued an arrest warrant commanding the arrest of GEORGE IAKOVOU for

violation of Title 18, United States Code, Section 1343 (wire fraud).

The source of your deponent's information and the grounds for his belief are as

follows:[1]

1. On or about October 21, 2022, the United States District Court for the

Middle District of Georgia issued an arrest warrant commanding the arrest of GEORGE

IAKOVOU pursuant to a criminal complaint (the "Complaint") for violation of Title 18, United

---

[1]      Because the purpose of this Complaint is to set forth only those facts necessary to
establish probable cause to arrest, I have not described all the relevant facts and circumstances of
which I am aware.

States Code, Section 1343 (wire fraud) (the "Arrest Warrant").  A true and correct copy of the

Arrest Warrant and Complaint is attached hereto as Exhibit A.

      2.    On October 25, 2022, IAKOVOU landed at John F. Kennedy International

Airport in Queens, New York around 3:20 p.m. on American Airlines flight 105 from Heathrow

Airport in London, United Kingdom.  Customs flagged IAKOVOU's name as appearing on the

Arrest Warrant.  His full name and date of birth listed in the Arrest Warrant matched the full

name and date of birth on his passport issued by the United States, his passport issued by Greece,

and his New York driver's license that he carried.  IAKOVOU also provided his name and

address, which matched the name and address listed on the Arrest Warrant.

      3.    After confirming his identity, the USSS arrested IAKOVOU on the Arrest

Warrant.

      4.    Based on the foregoing, I submit that there is probable cause to believe

that the defendant is the GEORGE IAKOVOU wanted in the Middle District of Georgia.

WHEREFORE, your deponent respectfully requests that the defendant GEORGE

IAKOVOU be removed to the Middle District of Georgia so that he may be dealt with according

to law.


_____
Nicholas Oliver
Special Agent
United States Secret Service


Sworn to before me this
26th day of October, 2022


_____
HONORABLE TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

# Exhibit A

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Middle District of Georgia

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| GEORGE IAKOVOU | ) | Case No. 4:22 MJ 157 |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

FILED '22 OCT 21 AM11:4  U.S.D.C.-C.O.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ November 30 2020 _____ in the county of _____ Muscogee _____ in the

_____ Middle _____ District of _____ Georgia _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 1343 | On or about November 30, 2020, in the Middle District of Georgia and elsewhere, defendant, GEORGE IAKOVOU, for the purpose of executing the scheme to defraud and obtaining money by fraudulent pretenses and representations,transmitted by means of wire communication in intertstate commerce signals, writings, and communications, that is, sent an e-mail originating in New York to a recipient, referred to by the initials G.D., located in Georgia |

This criminal complaint is based on these facts:

See affidavit

☑ Continued on the attached sheet.

s/ Joseph Andy Meeks

*Complainant's signature*

Joseph "Andy" Meeks, USSS Special Agent

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.     @ 11:03 AM EDT

Date: 10/21/22

*Judge's signature*

City and state: _____ Columbus, GA _____     Hon.Stephen Hyles, United States Magistrate Judge

*Printed name and title*

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 4:22-MJ-_157_____ |
| | ) | |
| GEORGE IAKOVOU | ) | **Filed under seal** |
| | ) | |
| Defendant. | ) | |

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

I, Joseph Meeks, being first duly sworn, hereby depose and state that the following is true and correct to the best of my knowledge and belief:

**INTRODUCTION**

1.      I am a Special Agent with the United States Secret Service ("Secret Service" or "USSS") and have been so employed since February 2002.  During my tenure with the Secret Service, I have been assigned to investigate violations of federal laws, including violations of Title 18 of the United States Code, and specifically those related to the passing of counterfeit United States currency and fraud.  I received criminal investigative training at the Federal Law Enforcement Training Center in Glynco, Georgia, and at the James J. Rowley Secret Service Training Center in Beltsville, Maryland, pertaining to criminal investigations of counterfeit currency, bank fraud, money laundering, wire fraud, access device fraud, and identity theft.

2.      As a Secret Service agent, I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. During my time as a Special Agent, I have participated in investigations into and received

training regarding wire fraud, bank fraud, and money laundering schemes. I have participated in the execution of search warrants of premises, including those involving electronic evidence. Through my training and experience, I have become familiar with the manner in which people use technology to commit crimes and the law enforcement techniques that can be used to investigate and disrupt such activity.

3.      I am familiar with the facts and circumstances set forth below from my personal participation in the investigation, from my review of the investigative file and from reports of other law enforcement officers involved in the investigation, and my training, experience, and advice received concerning the use of computers in criminal activity and the forensic analysis of electronically stored information ("ESI"). Unless specifically indicated, all conversations and statements described in this affidavit are related in sum and substance and in part only. This affidavit is intended to show only that there is probable cause for securing a complaint and does not set forth all of my knowledge about this matter.

4.      I am submitting this affidavit in support of a Criminal Complaint for George Iakovou. As will be shown below, there is probable cause to believe IAKOVOU committed the crime of Wire Fraud, in violation of Title 18, United States Code, Section 1343.

**APPLICABLE STATUTE**

5.      According to Title 18, United States Code, Section 1343, it is unlawful to devise any scheme or artifice to defraud, or obtain money or property by means of false or fraudulent pretenses, representation, or promises, by transmitting or causing to be transmitted by means of wire in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice.

**PROBABLE CAUSE**

2

6.      On or about, July 8, 2021, the USSS, Albany Resident Office received a report of a fraud scheme ("Scheme") involving pre-IPO investments in various early and late-stage private companies through Vika Ventures, LLC, with a company address of 85 Broad Street, New York, New York.

7.      The Scheme entailed Vika Ventures LLC receiving capital from investors for the purposes of purchasing pre-IPO shares of stock in specific private companies. Once the private companies went public, and a mandatory six-month lockout period expired, Vika Ventures LLC was to deliver the purchased shares to its investors.

8.      According to its company website, www.Vika-Ventures.com, Vika Ventures LLC purports to be a premier boutique venture capital firm that specializes in pre-IPO investments and the private equity market. Their primary investment objective is to make venture capital and growth investments in various early and late-stage private companies. The focus of their fund is on investing in pivotal technologies, including digital media, social media, clean tech, life science industries, and artificial intelligence.

9.      A public records search of LinkedIn revealed that George Iakovou and Penelope Zbravos represented themselves as the Chief Executive Officer and Finance Manager, respectively, for Vika Ventures LLC.

10.     Based on my conversations with victims, my review of electronic communications, and review of bank records, I am aware that victims wishing to purchase pre-IPO shares through Vika Ventures received an email from IAKOVOU from "giakovou@vika-ventures.com" that included documents for them to review, or sign and return.

11.     In the documents were instructions for them to send their investment funds to the

following bank account ("INVESTOR ACCOUNT").

|  |  |
|---|---|
| Bank Name: | JP Morgan Chase Bank |
| ABA#: | 021000021 |
| Account Name: | Vika Ventures LLC |
|  | 85 Broad St., FL 30 |
|  | New York, NY 10004 |
| Account Number: | XXXXX8288 |
| SWIFT/IBAN: | USD CHASUS33 |

12.     For example, based on my conversations with a victim ("Victim-1") and records provided by Victim-1, I am aware that:

a.     Victim-1 is a resident of Columbus, Muscogee County, Georgia, which is a place situated in the Middle District of Georgia.

b.     On November 30, 2020, Victim-1 received an email ("Email-1"), purportedly from IAKOVOU, from "giakovou@vika-ventures.com" in regard to Victim-1's interest in purchasing pre-IPO shares of Airbnb at thirty-five dollars ($35.00) per share.  The email included documents for Victim-1 to review or sign & return.  Included in the documents sent to Victim-1 were instructions for Victim-1 to send their investment funds to the INVESTOR ACCOUNT

c.     On December 9, 2020, Victim-1 wired thirty-five thousand and 00/100 dollars ($35,000.00) to the INVESTOR ACCOUNT for one thousand (1,000) shares of Airbnb.

d.     On December 12, 2020, Victim-1 received an email (purportedly from

4

IAKOVOU) from giakovou@vika-ventures.com with a Buy Confirmation Letter attached that stated, "Your total capital contribution of $35,000.00 received on December 9th, 2020, constitutes a 100% membership interest in Series E-8 of the company.  Series E-8 currently holds 1000 shares of common stock for Airbnb, through an affiliate of the Company.  There have been 0% fees deducted on this transaction and your capital contribution is $35,000.00, which has been applied to an investment in 1000 underlying shares of Airbnb at a purchase price equivalent to $35 per share. The fee breakdown is as follows: 1% expense fee, 2% management fee, 2% due diligence fee.

e.     Airbnb went public on December 9, 2020, and its six-month lock out period expired on June 9, 2021.  VICTIM #1 has not received any shares of Airbnb from Iakovou or others.

f.     Between on or about December 9, 2019 and March 29, 2021, Victim-1 sent six wire transfers to the INVESTOR ACOUNT, totaling approximately two hundred seventy-nine thousand and 00/100 dollars ($279,000.00).

13.     Over fifty (50) victims have been identified that have provided capital to Vika Ventures LLC between January 2, 2020, and May 18, 2021, for investment interests in pre-IPO shares including, but not limited to, Palantir, Airbnb, Coupang, SpaceX, and Stripe.

i.     Palantir went public on September 30, 2020, and the six-month lock out period expired on March 31, 2021.

ii.     Airbnb went public on December 9, 2020, and the six-month lock out

period expired on June 9, 2021.

iii.   Coupang went public on March 11, 2021, and the six-month lock out
period expired on September 11, 2021.

iv.   The financial investment community anticipates Stripe will go public
in 2021, but that SpaceX will wait until 2023, or later.

14.   Between January 2, 2020, and May 18, 2021, victims collectively sent
approximately five million, six hundred thirty-nine thousand, five hundred five and 00/100 dollars
($5,639,505.00) to the INVESTOR ACCOUNT.

**Overview of IAKOVOU's Conduct and Finances**

15.   Based on my participation in this investigation and my review of documents and
records, to include bank; IP address information; my and other law enforcement officers'
conversations with victims; and my training and experience, I am aware that, among other things,
that:

a.   IAKOVOU is the titled owner of multiple personal bank accounts in his
name, as well as has opened businesses accounts to which he is the sole
Authorized Signer.  For example, on September 24, 2019, IAKOVOU
opened Bank of America Account No. 483068570021 ("BOA Acct.
XXXX0021").   BOA Acct. XXXX0021 is titled to IAKOVOU and
IAKOVOU is the sole authorized signer to the account.

b.   ZBRAVOS is the titled owner of multiple personal bank accounts in her
name, as well as has opened businesses accounts to which she is the sole
Authorized Signer.  For example, on December 19, 2019, ZBRAVOS

6

opened JP Morgan Chase Bank account No. 588608288 in the name of Vika Ventures LLC ("INVESTOR ACCOUNT").   ZBRAVOS is listed as the sole authorized signor to the INVESTOPR ACCOUNT - IAKOVOU was added as a Member to the INVESTOR ACCOUNT on the same date.

c.     The INVESTOR ACCOUNT's initial deposit was a check ("OPENING CHECK"), drawn on BOA Acct. XXXX0021, pay to the order of Vika Ventures LLC, for three hundred thousand and 00/100 dollars ($300,000.00) and dated December 02, 2019.

d.     BOA Acct. XXXX0021's balance on December 02, 2019 was minus two thousand five hundred twenty-four and 00/100 dollars (-$2,524.00). Bank of America force closed the account on December 12, 2019.

e.     The OPENING CHECK used to open the INVESTOR ACCOUNT was returned on December 20, 2019 because BOA Acct. XXXX0021 had been closed at the time the OPENING CHECK was negotiated.

f.     Additionally, IAKOVOU is the titled owner and sole authorized signer of HSBC Checking Account No. 646056301 (ACCOUNT-1) - opened on or about June 20, 2020; HSBC Savings Account No. 646056344 (ACCOUNT-2), - opened on or about June 20, 2020 and HSBC Savings Account No. 705049400 (ACCOUNT-3) - opened on or about April 8, 2021 (collectively, the "IAKOVOU ACCOUNTS").

16.     Analysis of select emails that investors received (purportedly from IAKOVOU) from giakovou@vika-ventures.com which included documents for the investors to review, or sign and return, revealed that the emails originated from an IP address that was assigned to an account

7

in the name of George Iakovou, at the SUBJECT PREMISES.

17.    A review of bank records revealed IAKOVOU and others routed the investors' money through a series of bank accounts they controlled; eventually funding their own personal bank accounts, and brokerage accounts.  With the exception of the Named Defendant Properties listed in the Warrant of Arrest in Rem, issued by the Honorable Clay D. Land, United States District Court Judge, Middle District of Georgia on September 22, 2021, incorporated by reference herein, IAKOVOU and others used all, or most of, these funds for purposes other than the investments the victims believed they were making, including for their own benefit; as set forth in the examples below.

   •    For example, on January 28, 2021 victim(s) sent the INVESTOR ACCOUNT approximately two million, one hundred thousand and 00/100 dollars ($2,100,000).

   •    Continuing on the same date, the following transactions debited the INVESTOR ACCOUNT:

      •    Six hundred ninety thousand and 00/100 dollars ($690,000.00) was wired to HSBC checking account no. 646056301 ("ACCOUNT-1") - titled to IAKOVOU. On the same date, six hundred ninety thousand and 00/100 dollars ($690,000.00) was wired from ACCOUNT-1 to HSBC savings account no. 646056344 ("ACCOUNT-2") – also titled to IAKOVOU. Between February 5, 2021 and March 1, 2021, ACCOUNT-2 was debited six hundred fifty-six thousand seventy-seven and 71/100 dollars ($656,077.71), funding the purchases of luxury time pieces, the purchase of an automobile, real-estate fees for a luxury residential apartment, as well as other personal expenditures.

18.    Based upon the aforementioned facts, there is probable cause to believe that Vika

8

Ventures, LLC, George IAKOVOU and others committed Wire Fraud in violation of Title 18 of United States Code, Section 1343. The fraudulent scheme was executed, in part, by emails originating in New York to destinations in Georgia, which resulted in the transmission of payments made by wire from financial institutions in Georgia to the INVESTOR ACCOUNT - located in New York. IAKOVOU and Zbravos were integral participants of the fraud scheme, in that they represented themselves as officers of Vika-Ventures LLC and led the investors to believe that their investments would be applied towards the acquisition of pre-IPO shares of private companies. In fact, IAKOVOU and Zbravos used all, or most of, these funds for purposes other than the investments the victims believed they were making, including for their own benefit. The funds used to pay for luxury items, vehicles, and other personal expenditures were obtained by means of false or fraudulent pretenses.

## REQUEST FOR SEALING

19. It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the affidavit and complaint. I believe that sealing this document is necessary because the items and information to be seized are relevant to an ongoing investigation into the criminal organizations as not all of the targets of this investigation will be searched at this time. Based upon my training and experience, I have learned that online criminals actively search for criminal affidavits and search warrants via the Internet, and disseminate them to other online criminals as they deem appropriate, i.e., post them publicly online through the carding forums. Premature disclosure of the contents of this affidavit and related documents may have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness.

Respectfully submitted,

9

s/*Joseph Meeks*

Joseph "Andy" Meeks
Special Agent
U.S. Secret Service

*Pursuant to Federal Rule of Criminal Procedure 4.1, the contents of the present affidavit*
*were telephonically sworn to me on* _Oct. 21_____, 2022.

@ 11:03 AM
EDT

Honorable Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

10

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Middle District of Georgia ☑

United States of America
v.
**GEORGE IAKOVOU**

_____
*Defendant*

)
)
)
)
)
)

Case No. 4 22 MJ 157

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   GEORGE IAKOVOU _____ ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment     ☐ Superseding Indictment     ☐ Information     ☐ Superseding Information     ☑ Complaint
☐ Probation Violation Petition     ☐ Supervised Release Violation Petition     ☐ Violation Notice     ☐ Order of the Court

This offense is briefly described as follows:
  18 U.S.C. 1343 -  Wire Fraud


Date:  10/21/22    Ⓒ 11:03 Am EDT

City and state:  Columbus, GA.

_____
*Issuing officer's signature*

STEPHEN HYLES, USMJ
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ <br> at *(city and state)* _____ . |
| Date: _____        _____ <br>                                            *Arresting officer's signature* <br><br>                                            _____ <br>                                            *Printed name and title* |

AO 442  (Rev. 11/11)  Arrest Warrant (Page 2)

**This second page contains personal identifiers provided for law-enforcement use only and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender:   George Iakovou

Known aliases:

Last known residence:   50 West Street, Apartment 53B, New York, NY 10006

Prior addresses to which defendant/offender may still have ties:   7910 14th Avenue, Brooklyn, NY 11228; 408 E Madison Street, Kirklin, IN 46050

Last known employment:   Vika Ventures LLC and Syren Capital

Last known telephone numbers:   929-288-0825

Place of birth:   Greece

Date of birth:   06/26/1993

Social Security number:   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

Height:   5'11"          Weight:   220 lbs

Sex:   Male          Race:   White

Hair:   BRN          Eyes:   BRN

Scars, tattoos, other distinguishing marks:   unkown insignia tattoo on wrist

History of violence, weapons, drug use:   social media post in possession of a handgun

Known family, friends, and other associates *(name, relation, address, phone number)*:   Saul Shalev, friend, 1538 E 4th St., Brookly, NY 11230

FBI number:   N/A

Complete description of auto:   N/A

Investigative agency and address:   USSS, Albany GA Resident Office, 410 W. Broad St., Suite 410, Albany, GA 31701

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*:
N/A

Date of last contact with pretrial services or probation officer *(if applicable)*:   N/A